UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-cv-265-KDB

| | |
|---|---|
| **MARION BEASLEY, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **AVERY MITCHELL CORRECTIONAL** ) | **ORDER** |
| **INSTITUTION SUPERINTENDENT,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court *sua sponte*.

The *pro se* Plaintiff, an inmate of the State of North Carolina, filed an "Action in Replevin" that was docketed as a civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. He applied to proceed *in forma pauperis*. [Doc. 2].

On August 15, 2025, the Court found that the Plaintiff is a "three-striker" pursuant to 28 U.S.C. § 1915(g), denied his application to proceed *in forma pauperis*, and ordered the Plaintiff to pay the full filing fee within 21 days. [Doc. 4]. He was cautioned that "[s]hould the Plaintiff fail to comply, this action will be dismissed and closed without further notice." [Id. at 2].

The Plaintiff has not complied with the Court's Order and the time to do so has expired. The Court is unable to proceed and this case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte*

dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 25, 2025

Kenneth D. Bell
United States District Judge